```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

MICHAEL HODGES                                      CIVIL ACTION

VERSUS                                              NUMBER: 05-5480

TIM WILKINS                                         SECTION: "I"(5)
```

### REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2E(A), presently before the Court is the 28 U.S.C. §2254 application for federal habeas corpus relief of petitioner, Michael Hodges, and the State's response thereto. Having determined that an evidentiary hearing is not necessary, it is recommended, for the reasons that follow, that Hodges' petition be dismissed with prejudice.

Petitioner Hodges is a state prisoner who is presently incarcerated at the Winnfield Correctional Center, Winnfield, Louisiana. On August 30, 1995, Hodges was found guilty of possession of cocaine and attempted simple escape after trial, by jury, in the Criminal District Court for the Parish of Orleans, State of Louisiana. The State subsequently filed a bill of

information accusing Hodges of being a fourth felony offender and requesting that he be sentenced as such under LSA-R.S. 15:529.1, Louisiana's Habitual Offender Statute.  Following a hearing on that matter on October 19, 1995, Hodges was adjudicated a fourth felony offender as charged and was sentenced to twenty years as to each count, the sentences to be served concurrently.  On June 6, 1997, Hodges signed and dated a motion to vacate illegal sentence that was not formally filed and entered into the trial court record until November 18, 1997.  (St. ct. rec., vol. 2 of 2, supplemental).  Through counsel, Hodges had also appealed his conviction and sentences to the Louisiana Fourth Circuit Court of Appeal which, on October 22, 1997, affirmed his conviction and adjudication as a fourth felony offender but vacated his sentences and remanded the case for resentencing.  <u>State v. Hodges</u>, 701 So.2d (La. App. 4th Cir. 1997)(table).  (St. ct. rec., vol. 2 of 3).  That ruling effectively rendered moot Hodges' earlier motion to vacate illegal sentence.

Thereafter, Hodges drafted a motion to vacate/quash bill of information which bears a handwritten "filed" date of June 10, 1999.  (St. ct. rec., vol. 2 of 2, supplemental).  On October 21, 1999, Hodges was brought before the trial court and was resentenced to two years on the attempted escape count, said sentence to be served consecutively to any other sentence was he serving.  (St.

ct. rec., vol. 1 of 2, supplemental, docket master and minutes of October 21, 1999). On November 3, 1999, the trial court converted Hodges' motion to vacate/quash bill of information into an application for post-conviction relief and set the matter for a hearing. (St. ct. rec., vol. 2 of 2, supplemental; vol. 1 of 2, supplemental, docket master and minutes of Nov. 3, 1999). After numerous continuances, a hearing date of August 4, 2000 was established. (St. ct. rec., vol. 1 of 2, supplemental, docket master).

In the meantime, Hodges had sought supervisory writs from the Louisiana Fourth Circuit which, on July 28, 2000, ordered the trial court to act on Hodges' motion to vacate/quash on August 4, 2000, the hearing date the lower court had already scheduled. State v. Hodges, No. 00-K-1458 (La. App. 4th Cir. July 28, 2000)(unpublished order). (St. ct. rec., vol. 3 of 3). Hodges was brought before the trial court on the latter date which denied his motion to vacate/quash and resentenced him to twenty years under R.S. 15:529.1 as to the cocaine possession count, said sentence to be served concurrently with any other sentence Hodges was serving. (St. ct. rec., vol. 1 of 3, trans. of Aug. 4, 2000). Hodges then appealed his resentencing to the Louisiana Fourth Circuit which affirmed same in an unpublished opinion on July 19, 2002. State v. Hodges, 825 So.2d 604 (La. App. 4th Cir. 2002)(table). (St. ct.

rec., vol. 2 of 2, supplemental).  Hodges' conviction became final thirty days later, or July 20, 2002, when the prescribed period for him to seek writs from the Louisiana Supreme Court expired and no application therefor was made.  <u>See</u> La.Sup.Ct. Rule 10, §5(a).  <u>See</u> <u>Roberts v. Cockrell</u>, 319 F.3d 690, 694 (5th Cir. 2003).

Following the date that his conviction became final, Hodges made no challenge thereto until February 25, 2003, some two-hundred nineteen days later, when he signed and deposited in the prison mail system an application for post-conviction relief.  (St. ct. rec., vol. of 2 of 2, supplemental).  That application was denied by the trial court on March 19, 2003.  (<u>Id</u>.).  The trial court's ruling was subsequently affirmed by both the Louisiana Fourth Circuit Court of Appeal and the Louisiana Supreme Court.  <u>State v.</u> <u>Hodges</u>, No. 03-K-1188 (La. App. 4th Cir. July 30, 2003)(unpublished order).  (St. ct. rec., vol. 2 of 2, supplemental). <u>State ex rel.</u> <u>Hodges v. State</u>, 888 So.2d 219 (La. 2004).  On August 15, 2005, two hundred sixty-four days after the latter ruling of the Louisiana Supreme Court, Hodges signed and dated his federal habeas petition. (Rec. doc. 6, p. 43).

Under 28 U.S.C. §2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L.No. 104-132, 110 Stat. 1214 (1996)(effective April 24, 1996), state prisoners like Hodges now have one year from the date that their

4

convictions become final to timely seek federal habeas corpus relief.  Section 2244(d)(2) further provides that the time during which a prisoner has a properly filed application for post-conviction relief or other collateral review pending before the state courts is not counted against the one-year limitation period.  Although the State has done so in this case, the one-year time bar may be raised by the Court sua sponte.  Kiser v. Johnson, 163 F.3d 326, 328-29 (5th Cir. 1999).

As noted in the procedural history set forth above, Hodges' conviction became final on July 20, 2002 when he failed to seek writs from the Louisiana Supreme Court following the affirmance of his resentencing by the Louisiana Fourth Circuit Court of Appeal.  At that point, the one-year limitation period set forth in §2244(d) began to run and was tolled two hundred nineteen days later when Hodges signed his application for post-conviction relief on February 25, 2003.  That matter and the appeals from it remained pending before the state courts until November 24, 2004.  At that point, the §2244(d) limitation period commenced running again and had long since expired when Hodges signed and dated his federal habeas petition on August 15, 2005.  As no facts have been presented warranting the application of equitable tolling, a doctrine that is available only in rare and exceptional circumstances and which "... applies principally where the

plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his legal rights", Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057, 120 S.Ct. 1564 (2000)(internal quotation marks omitted), Hodges' habeas petition should be dismissed as untimely.

### **RECOMMENDATION**

For the foregoing reasons, it is recommended that the application for federal habeas corpus relief of Michael Hodges be dismissed with prejudice.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this  5th  day of   November  , 2007.

_____
UNITED STATES MAGISTRATE JUDGE